**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| VIVIAN ELSA SIMON, EDWARD SIMON, AND DONALD SIMON )<br>)<br>Plaintiffs,       )<br>)<br>vs.                      )<br>)<br>LEN MANN and DOES 1 through )<br>20, inclusive,           )<br>)<br>Defendants.    )<br>_____) | 03:04-cv-0472-ECR (VPC)<br><br>**ORDER** |

**I. Procedural Background**

On August 31, 2004, Plaintiffs Vivian Elsa Simon, Edward Simon, and Donald Simon (Plaintiffs) filed a Complaint (#2) for damages, alleging a breach of fiduciary duty to minority shareholders. On June 1, 2005, Plaintiff Donald Simon filed an Ex-Parte Motion (#52) for Preliminary Injunction and Temporary Restraining Order. On June 3, 2005, we issued an order (#54) denying the motion for temporary restraining order and allowing for responses to the motion for preliminary injunction. Defendant Len Mann filed an Opposition (#60) to the Motion on June 20, 2005, to

which Plaintiff Donald Simon replied (#62) on June 30, 2005. Plaintiffs Edward and Vivian Simon filed a motion (#63) to join Donald Simon's motion (#52) on July 5, 2005.

For the reasons stated below, Plaintiffs' motion (#63) to join will be **GRANTED** and Plaintiffs' motion (#52) for preliminary injunction will be **DENIED**.

**II. Factual Background**

Plaintiffs and Defendant are shareholders of United States Welding Corporation ("USWC"), currently incorporated in Nevada. USWC was established by Plaintiffs' now-deceased father approximately 45 years ago in California. Defendant Mann was originally hired as a consultant in 1987 and now runs the business in Nevada. At the time the instant lawsuit was filed, the breakdown of ownership of the corporation was as follows: Defendant Mann owned approximately 44% of the shares, Plaintiffs' mother, Ruth Simon, owned approximately 44%, and Plaintiffs owned diverse fractions of the remaining 12%.[1]  The Board of Directors consists of Defendant Mann, Plaintiff Donald Simon, and Ruth Simon.

In 1991, Ruth Simon and Len Mann entered into a buy-sell agreement, which was subsequently modified in 1993. The details of the agreement, including whether or not it provided for binding

---

[1] As discussed below, Plaintiffs have raised concerns over a buy-sell agreement between Defendant Mann and Ruth Simon and an arbitration order regarding the agreement which compels Ruth Simon to sell all her shares to Defendant. It is not clear to the court at this time whether or not Ruth Simon is currently a shareholder or a director. Her motion to intervene was dismissed by this court without prejudice and it is anticipated that she may renew her attempt to intervene.

2

1  arbitration, are in dispute.  Defendant Mann commenced arbitration
2  pursuant to the agreement in 2002 in an attempt to establish that
3  Ruth Simon had become disabled and, pursuant to the agreement, must
4  sell her shares to Mann.  The arbitrator agreed with Mann and
5  issued an award requiring Ruth Simon to sell her shares to Mann at
6  a price and manner Plaintiffs allege is unjust.  Ruth Simon claimed
7  that the arbitration was not binding, but the First Judicial
8  Circuit of Nevada affirmed the award.  Ruth Simon has appealed to
9  the Nevada Supreme Court and settlement conferences are ongoing.
10     Plaintiffs allege serious charges of mismanagement, self-
11 dealing, and manipulations of the corporate framework on the part
12 of Defendant Mann.  Among other things, they allege Mann has
13 cancelled annual shareholder meetings and terminated directors'
14 fees to Ruth and Donald Simon.  Plaintiffs move (#52)for a
15 preliminary injunction to "1) enjoin Len Mann from acting
16 unilaterally and outside of USWC corporate governance, 2) from
17 acting in a manner that would harm USWC and its shareholders [,
18 and] 3) for reinstatement of USWC director's fees on both a
19 retroactive and ongoing basis."

21 **III.  Discussion**
22     Defendant has not objected to Plaintiff Vivian and Edward
23 Simon's motion (#63) to join the motion (#52) for preliminary
24 injunction, and we will grant their motion (#63).
25     A party seeking a preliminary injunction must meet one of two
26 tests in the Ninth Circuit.  Stanley v. Univ. of S. Cal., 13 F.3d

3

1313, 1319 (9th Cir. 1994). The traditional test requires a plaintiff to show that:

1. [he] will suffer irreparable injury if injunctive relief is not granted;
2. [he] will probably prevail on the merits;
3. in balancing the equities, the [defendant] will not be harmed more than the [plaintiff] is helped by the injunction; and
4. granting the injunction is in the public interest.

Id. (formatting altered).

In the alternative, a court may issue a preliminary injunction if the plaintiff shows either:

1. "a combination of probable success on the merits and the possibility of irreparable injury;" or
2. "that serious questions are raised, and the balance of hardships tips sharply in his favor."

Id. (formatting altered).

Although phrased as such, the alternative test is less an either/or formulation as it is a type of sliding scale. Its two prongs represent "'extremes of a single continuum,' rather than two separate tests." Sun Mircrosystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999) (quoting Benda v. Grand Lodge of Int'l Ass'n of Machinist & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)). That is, the more the balance of hardships tips in favor of the plaintiff, the less probability of success must be demonstrated. Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999).

Whichever test is applied, a preliminary injunction should only be granted if the movant does not have an adequate remedy at law. Stanley, 13 F.3d at 1320 (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07, n.8 (1959)). A preliminary

4

injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(quoting 11A Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2948 (2d ed. 1995)). "The cases best suited to preliminary relief are those in which the important facts are undisputed, and the parties simply disagree about what the legal consequences are of those facts." Remlinger v. State of Nev., 896 F. Supp. 1012, 1015 (D. Nev. 1995).

    We cannot determine from the evidence and claims presented that Plaintiffs will probably succeed on the merits of their claims or that the balance of hardships tips sharply in their favor. The bylaws presented as evidence by Plaintiffs have the word "void" written at the top of the first page, the meeting called to remove Plaintiffs as directors was cancelled pursuant to compliance with state court rulings, and Plaintiffs have not presented specific evidence to demonstrate that Mann will attempt to remove them in the future. In addition, given that the state court has been involved with many of the issues for which Plaintiffs seek relief, it is beyond our jurisdiction to address those issues. (See order (#33) "The Rooker-Feldman doctrine provides that the federal district court does not have jurisdiction to hear a case that would require the court to review a state court judgment . . . .") Also, to the extent Plaintiffs seek relief for Ruth Simon, such relief is not available because Ruth Simon is not a party to this action. Finally, an injunction reinstating directors' fees would be inappropriate as that is the sort of remedy available at law. See

1  Stanley, 13 F.3d at 1320 (backpay available as legal remedy and so
2  not appropriate for preliminary injunction).
3       Thus, Plaintiff has not made a clear showing that the
4  "extraordinary and drastic remedy" of a preliminary injunction is
5  warranted in this case.  See Mazurek, 520 U.S. at 972.

7       **IT IS, THEREFORE, HEREBY ORDERED** that, as addressed above,
8  Plaintiffs' motion to join (#63) is **GRANTED.**

10      **IT IS, THEREFORE, FURTHER ORDERED** that, as addressed above,
11 Plaintiffs' Motion for Preliminary Injunction (#52) is **DENIED.**

13 DATED: This  16th    day of March, 2006.

                        _____
                              UNITED STATES DISTRICT JUDGE

6