## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| VIVIAN SIMON, et al., | ) | 3:04-CV-0472-ECR (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | February 11, 2009 |
| | ) | |
| LEN MANN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:      LISA MANN              REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On November 13, 2008, the court ordered plaintiffs' expert witness, Victor Republicano, to personally appear for his deposition on January 29, 2009 at 9:30 a.m. (#285).  Mr. Republicano was ordered to bring with him to the deposition the following documents:

a.   Schedule A to the Employment Agreement, his Exhibit 7J;
b.   The name, address, and phone number of the person who employed him in each of the cases listed in his Exhibit 13;
c.   A copy of the retainer agreement between Mr. Republicano and Peter Bonis;
d.   A list of payments he received on behalf of plaintiffs showing payor, date, and amount;
e.   Copies of all missing checks totalling $3,025, _____; and
f.   A copy of Mr. Republicano's index/summary for the 18 binders of documents he used in preparing his report.

Mr. Republicano is strongly cautioned that his failure or refusal to comply with this court-ordered production of documents may result in exclusion of testimony and documents at trial, or possible issuance of a report and recommendation to the District Court that this case be dismissed. Plaintiffs' counsel shall coordinate this document production to insure compliance with the court's order.

On January 28, 2009, the court held a hearing on plaintiffs' emergency *ex parte* motion for order modifying deposition date for plaintiffs' expert and expert deposition completion deadline (#291). Mr. Jeffrey Dickerson appeared on behalf of the plaintiffs at this hearing. The court notes that Mr. Dickerson has not filed a notice of appearance in this action, and he shall do so on or before **Friday, February 13, 2009,** or the court will assume that plaintiffs continue to appear *in pro se*.

At the January 28, 2009 hearing, the court vacated and rescheduled Mr. Republicano's deposition for Wednesday, February 18, 2009 at 9:00 a.m. (#293). Mr. Republicano was ordered to provide to defendant's counsel the documents listed above no later than February 6, 2009. *Id.*

Mr. Republicano failed to comply with the court's order in violation of Local Rule IA 4-1(d). Instead, he wrote a letter to Mr. Dickerson concerning the documents (#296-2) which Mr. Dickerson faxed to defendant's counsel attached to a document styled, "Notice of Compliance" (#296). Defendant's counsel, Mr. Smith, filed a notice of non-compliance with order #293 (#297). The court reviews each document ordered produced as follows:

**a.      Schedule A to the Employment Agreement, his Exhibit 7J**

Mr. Republicano states that he does not have Schedule A (Exhibit 7J) of his expert report, dated July 1, 2008. (#296-2, page 2) Mr. Republicano also states that Mr. Smith already has this document in his possession. *Id.*

Mr. Smith reports that Mr. Republicano relies heavily on this employment agreement (Exhibit 7J to Report), which had the agreed-upon salary for Mr. Mann set out in Schedule A to the agreement (#297, page 2). Mr. Smith admits that Mr. Republicano did state in his deposition that he does not have the schedule; however, Mr. Smith further states he (Mr. Smith) also does not have the schedule. *Id.* The employment agreement is bate-stamped Simon00498-00509 and was produced **without Schedule A** by Ruth Simon at the arbitration between Ruth Simon and defendant. *Id.*

Mr. Smith further reports that plaintiffs removed the entire agreement from the corporate records of United States Welding Corporation ("USWC"), and Mr. Republicano has had five months since his last deposition to obtain Schedule A from his clients (#297). Mr. Republicano found that defendant was paid $210,000 average compensation for fourteen years, 1991-2008, and eight of those years were covered by the employment agreement (#297-2, page 58 of August 20, 2008 Republicano deposition).

The court finds as follows:

1.      Schedule A to the Employment Agreement will reveal the agreed upon amount that defendant was to be paid under the employment agreement;
2.      Mr. Republicano relied upon the employment agreement in making his findings;
3.      Mr. Republicano and/or plaintiffs have access to Schedule A.

**THEREFORE, IT IS ORDERED** that Schedule A to the Employment Agreement, Mr. Republicano's Exhibit 7J, shall be produced to defendant's counsel on or before **Tuesday, February 17, 2009.**

**b.    The name, address, and phone number of the person who employed Mr. Republicano in each of the cases listed in his Exhibit 13**

Mr. Republicano states that during his prior deposition, he produced "all that we brought with us to Mr. Smith's office" and that Mr. Smith was asked if there were other items he required to which Mr. Smith answered, "No." (#296-2, page 2).  Mr. Republicano also states that prior counsel assured him he had complied with the requirements Fed.R.Civ.P. 26, that this request is overly burdensome, and that his calendar has other matters that will require extensive preparation.  *Id.* at page 3.

Mr. Smith contends that Mr. Republicano's list of cases provided in Exhibit 13 is so vague and incomplete that defendant cannot verify Mr. Republicano's representation.  (#297).

The court finds as follows:

1.    Fed.R.Civ.P. 26(a)(2)(B)(v) requires that the expert report must contain "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition;"
2.    Mr. Republicano has had at least since November 13, 2008, to prepare this information (#285); and
3.    This information is easily accessible to Mr. Republicano.

**THEREFORE, IT IS ORDERED** that Mr. Republicano shall produce the name, address, and phone number of the person who employed him in each of the cases listed in his Exhibit 13 to defendant's counsel on or before **Tuesday, February 17, 2009.**

**c.    A copy of the retainer agreement between Mr. Republicano and Peter Bonis**

Mr. Republicano attached a letter to Mr. Bonis dated July 31, 2008, which references an "unabridged retainer agreement (Exhibit A), which will be forwarded separately."  (#296-2, page 13).  Exhibit A is not attached to the letter.

**IT IS ORDERED** that Mr. Republicano shall produce the "unabridged retainer agreement (Exhibit A)" referenced in the letter to Mr. Bonis dated July 31, 2008 to defendant's counsel on or before **Tuesday, February 17, 2009.**

**d.    A list of payments he received on behalf of plaintiffs showing payor, date, and amount**

Mr. Republicano has provided a schedule of all payments received in this case (#296-2, page 16).

e.      **Copies of all missing checks totalling $3,025, ____ [sic]**

Mr. Republicano states that he does not have copies of the missing checks (#296-2, page 5)**.** Mr. Republicano claims that Mr. Smith has disclosed that he (Mr. Smith) has the checks in his possession and is having his staff prepare a schedule of the missing check "payees."  *Id.*

To the extent Mr. Republicano has any additional documents – the missing checks or any other documentation on this issue – he shall produce it to defendant's counsel on or before **Tuesday, February 17, 2009**.

f.      **A copy of Mr. Republicano's index/summary for the 18 binders of documents he used in preparing his report**

Mr. Republicano states that Mr. Smith has two complete sets of these binders of documents and that to produce an index or summary would be extraneous, non-productive work which is a waste of his time (#296-2, page 5).  Mr. Republicano states that he and former counsel explained to Mr. Smith that the index/summary of binders that were used in the preparation of Mr. Republicano's report is included in "one or more of the five volumes of [Mr. Republicano's] expert report dated July 1, 2008.

Mr. Smith attaches the transcript of Mr. Republicano's deposition of August 29, 2008 (#297, Exhibit B, p. 190), during which former counsel represented that he would email the summary of the binders to Mr. Smith.

**IT IS ORDERED** that Mr. Republicano shall produce to defendant's counsel the index/summary for the 18 binders of documents he used in preparing his report on or before **Tuesday, February 17, 2009.**

**The deposition date and time**

Although plaintiff's counsel fails to report any difficulties with the date set for Mr. Repulicano's deposition – February 18, 2009, in his notice of compliance (#296), the attached declaration of Mr. Republicano states that he is unavailable for his rescheduled deposition on February 18, 2009.  *Id.*  Mr. Republicano requests that his deposition now be rescheduled once again to February 23 or 24, 2009.  Given that trial will commence on March 10, 2009, the court will reschedule the deposition this one <u>final</u> time, although it will require the court to vacate three separate matters previously set.

**IT IS FURTHER ORDERED** that Mr. Republicano's deposition set for February 18, 2009 shall be **VACATED** and **RESCHEDULED** to **Monday, February 23, 2009 at 9:00 a.m.**  The following provisions of the court's prior orders (#285 & #293) shall remain in effect:

1.      Victor Republicano shall personally appear for his deposition on **Monday, February 23, 2009** at **9:00 a.m.** in Courtroom One, 400 S. Virginia Street, Reno, Nevada before United States Magistrate Judge Valerie P. Cooke.

2.      Mr. Republicano's deposition shall be completed in six hours.

3.      Defendant shall arrange for a court reporter to be present at the deposition.

**IT IS FURTHER ORDERED** that counsel and Mr. Republicano are expected to vacate any other matters on their calendars to be present for this deposition and to fully comply with this order. ***The parties are advised that if plaintiffs, their counsel, or Mr. Republicano fail to fully comply with this order, this Court will issue a report and recommendation to the District Court recommending that this case be dismissed.*** This deposition will not be continued or rescheduled for any reason.

The parties are reminded that trial in this case is set for March 10, 2009, and counsel for plaintiff has represented to the court that he intends to be prepared to proceed with trial on March 10, 2009 (#293).

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
                Deputy Clerk